## WHITE v. QUITTNER et al.
## No. 12850.

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1952.

Fred Horowitz, Alvin F. Howard, Los Angeles, Cal., for appellant.

Marvin Wellins, Los Angeles, Cal., and Daniel A. Weber, Beverly Hills, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On and prior to May 19, 1947, George L. Gibbons and Morris Plan Bank of California were creditors of Al Herd. On May 19, 1947, Herd executed and delivered to Joseph G. White a promissory note for $30,000 payable to White's order on December 19, 1947, and bearing interest at the rate of 6% per annum, and White executed and delivered to Gibbons a promissory note for $5,000 payable to Gibbons' order on June 19, 1947, and bearing interest at the rate of 8% per annum, each note providing that, in case of suit, the maker should pay as attorney's fees such additional sum as might be adjudged reasonable. On May 21, 1947, White executed and delivered to Morris Plan Bank a promissory note for $25,000.[1]

On August 6, 1947, a petition in bankruptcy was filed against Herd in the United States District Court for the Southern District of California and was referred to a referee in bankruptcy. Thereafter, prior to December 24, 1947, Herd was adjudged a bankrupt, Francis F. Quittner was appointed trustee, Gibbons filed a claim against the bankrupt estate for $19,500 and commenced in the Superior Court of Los Angeles County, California, an action against White on White's note to Gibbons, and White filed an answer to the complaint in that action.

On December 24, 1947, the trustee commenced in the District Court an action against Gibbons, alleging, in substance, that Gibbons was indebted to the estate in the sum of $44,509.38 and praying judgment therefor. Prior to July 15, 1948, the action against Gibbons was compromised and settled[2] by Gibbons withdrawing his claim against the estate, paying the trustee $3,-

---

1. The record does not show when White's note to Morris Plan Bank was payable, or what rate of interest, if any, it bore, or what, if anything, it provided regarding the payment of attorney's fees.

2. An order authorizing the trustee to compromise and settle the action against Gibbons was made by the referee on May 25, 1948.

000 in cash, assigning to the trustee "all [Gibbons'] right, title and interest in and to any sums or proceeds recovered in [the action against White], whether by way of judgment, settlement or otherwise,"[3] and authorizing the trustee to continue the action against White in Gibbons' name.[4] To facilitate such continuance, Marvin Wellins and Daniel A. Weber, the trustee's attorneys in the action against Gibbons, were substituted as Gibbons' attorneys in the action against White in the place and stead of Edward C. Jones and George M. Wiener, who theretofore had been Gibbons' attorneys in the action against White.[5]

The trustee, acting by and through Wellins and Weber and in Gibbons' name, did, on and after July 15, 1948, continue the action against White and did, on August 24, 1948, obtain a final judgment therein[6] for $5,000, with interest, attorney's fees ($500) and costs. That was an appealable judgment,[7] but White did not appeal therefrom. Instead, he paid the full amount thereof, $6,220, to Wellins and Weber on December 14, 1948. Wellins and Weber thereupon paid the $6,220 to the trustee and, on December 17, 1948, filed with the clerk of the Superior Court an acknowledgment of satisfaction of the judgment.[8]

Thereafter, prior to August 20, 1949, the trustee was notified by one of White's attorneys that White claimed the $6,220. On August 20, 1949, the trustee petitioned for and obtained from the referee an order which, in effect, required White to file with the referee an answer setting forth his claim to the $6,220. In response to that order, White filed with the referee an answer, and, in lieu thereof, an amended answer. The trustee replied to the amended answer, and the referee, after several hearings, stated his findings of fact and conclusions of law and made an order which, in effect, declared that White had no right, title or interest in or to the $6,220. On review, that order was affirmed by an order of the District Court,[9] and White has appealed.

■ Two alleged errors are specified.[10] Specification 1 is that "It was error of law for the [District Court] to conclude that White had no right to recoupment against the trustee." The District Court did not so conclude. There was in White's amended answer no claim or allegation that he had any right to recoupment against the trustee. Consequently the District Court was not required to, and did not, determine whether or not he had such a right.

■ Specification 2 is that "It was error of law for the [District Court] to hold that the settlement made between the trustee and Gibbons[11] did not have the effect of discharging the $5,000 note."[12] The District Court did not expressly so hold. If it impliedly so held, the holding was correct.

The order of the District Court is affirmed.

3. The assignment was executed in June, 1948.

4. See § 385 of the California Code of Civil Procedure.

5. See §§ 284 and 285 of the California Code of Civil Procedure.

6. The judgment was signed and filed on August 24, 1948, and was entered on August 25, 1948.

7. See §§ 939 and 963 of the California Code of Civil Procedure.

8. See § 675 of the California Code of Civil Procedure.

9. The District Court adopted the referee's findings and conclusions as its own.

10. Our Rule 20 requires every appellant to file a brief containing, inter alia, "a specification of the errors relied upon."

11. Meaning, obviously, the compromise and settlement of the action against Gibbons.

12. Meaning, obviously, White's note to Gibbons.